UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br>　　　　Plaintiff,<br>　　v.<br>KARL CURTIS ROGER RIDGEWAY, et al.,<br>　　　　Defendants. | Case No. 20-cv-00381-PJH<br><br>**ORDER RE: DEFENDANTS' ANSWER**<br><br>Re: Dkt. No. 23 |

　　　　The court is in receipt of defendants' filing, which they style as "The Defendant's Answer to the Complaint." Dkt. 23. In it, they argue that the "Court does not have proper jurisdiction over the defendants, as we are citizens of South Carolina." Id. ¶ 7 (emphasis omitted). Defendants also state that they "motion [sic] that the third and only claim be dismissed with prejudice." Id. ¶ 12. The court construes this filing as a motion to dismiss plaintiff's First Amended Complaint ("FAC"), Dkt. 7, pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

　　　　In response to defendants' answer, plaintiff Wilson has filed an opposition in which he raises various procedural objections based on, for example, the fact that defendants label their filing an answer but also purport to move to dismiss the only remaining claim. Dkt. 25. Defendants, like plaintiff, are proceeding pro se and the court has an obligation to "construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is 'to be liberally construed, and 'a *pro se* complaint, however inartfully pleaded, must be held

to less stringent standards that formal pleadings drafted by lawyers.'" (citations omitted)). Therefore, the court will permit plaintiff an opportunity to respond to the merits of defendants' motion, that is, whether the court has personal jurisdiction over the defendants. In fact, the court previously issued an order that granted plaintiff's motion to proceed in forma pauperis and, as part of that order, the court noted it was not clear whether it has either subject matter jurisdiction or personal jurisdiction in this case. Dkt. 13 at 13 n.2.

As part of his opposition to defendants' motion, plaintiff should also address whether the court has subject matter jurisdiction over this case. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). If the court determines that it lacks subject matter jurisdiction, then the action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1).

It is evident from the FAC and the answer, Dkt. 23, that plaintiff—a California citizen—and defendants—South Carolina citizens—are citizens of different states. However, it is not evident from the FAC that the amount in controversy exceeds $75,000. Of course, plaintiff alleges that the amount in controversy exceeds $75,000. FAC ¶ 6. However, only plaintiff's third claim for intentional interference with contractual relations remains after the court dismissed plaintiff's other claims. Dkt. 13 at 7. In his third claim, plaintiff alleges that his sister Samantha promised him compensation for his services and reimbursement for the expense plaintiff incurred while providing services in connection with her power of attorney. FAC ¶ 92. He further alleges that he has not been paid for more than 400 hours of past services and $7,000 of past expenses. Id. ¶ 99. It is not

1  clear that this sum exceeds the $75,000 threshold.  Plaintiff must demonstrate that the
2  amount in controversy exceeds that threshold.
3      In light of the foregoing, the court ORDERS plaintiff to file an opposition to
4  defendants' motion to dismiss on or before January 5, 2021 and defendants may file a
5  reply in support of their motion on or before January 19, 2021.  The court will then deem
6  the matter submitted on the papers.
7      **IT IS SO ORDERED.**
8  Dated: December 22, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge