UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GEARY WILSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KARL CURTIS ROGER RIDGEWAY, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-00381-PJH<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 23 |

　　　　Before the court is defendants Karl Ridgeway, Jack Benthall, Austin Cole, and Olivia Ridgeway's ("defendants") motion to dismiss. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court rules as follows.

## BACKGROUND

　　　　On January 17, 2020, pro se plaintiff Michael Wilson ("plaintiff") filed a complaint against defendants, Dkt. 1, and an application to proceed in forma pauperis ("IFP"), Dkt. 2. Because plaintiff had not paid the filing fee, the court reviewed his complaint as required by 28 U.S.C. § 1915 and dismissed it, with leave to amend, for failing to state a claim. Dkt. 5. On April 13, 2020, plaintiff filed a First Amended Complaint ("FAC," Dkt. 7) and a renewed IFP application, Dkt. 8. The court reviewed plaintiff's amended complaint and dismissed all but one of plaintiff's claims, finding the remaining third claim for intentional interference with contractual relations was not clearly frivolous. Dkt. 13 at 13. In that order, the court indicated that it was not clear whether it had subject matter

1    jurisdiction or personal jurisdiction over the case, id. at 13 n.2; however, out of an
2    abundance of caution, the court permitted plaintiff's third claim to proceed.  For a broader
3    recitation of the factual allegations in this case, the court refers to its March 19, 2020
4    order.  Dkt. 5 at 1–3.
5            On December 11, 2020, defendants filed a document styled as an answer to the
6    complaint, Dkt. 23, which the court construed as a motion to dismiss for lack of personal
7    jurisdiction on December 22, 2020, Dkt. 26.  Between December 19, 2020 and January 5,
8    2021, plaintiff filed a declaration in response to defendants' filing, Dkt. 24, an opposition
9    to that filing, Dkt. 25, a declaration in response to the court's order, Dkt. 27, a document
10   styled as a report of felonies, Dkt. 28, and a purported second amended complaint, Dkt.
11   29.  Defendants have filed a reply.  Dkt. 33.  Plaintiff has filed an additional notice.  Dkt.
12   35.

### DISCUSSION

**A.    Legal Standard**

15           "Courts have an independent obligation to determine whether subject-matter
16   jurisdiction exists, even when no party challenges it."  Hertz Corp. v. Friend, 559 U.S. 77,
17   94 (2010).  Federal courts are presumed to lack subject matter jurisdiction, and the
18   plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  See
19   Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  If the court determines
20   that it lacks subject matter jurisdiction, then the action must be dismissed.  Fed. R. Civ. P.
21   12(h)(3).
22           Federal district courts have original jurisdiction over cases where the amount in
23   controversy exceeds $75,000, exclusive of interest and costs, and where the matter in
24   controversy is between citizens of different states.  28 U.S.C. § 1332(a)(1).  "Where the
25   plaintiff originally files in federal court, 'the amount in controversy is determined from the
26   face of the pleadings.'"  Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka,
27   599 F.3d 1102, 1106 (9th Cir. 2010) (citation omitted).  "The amount in controversy
28   alleged by the proponent of federal jurisdiction—typically the plaintiff in the substantive

dispute—controls so long as the claim is made in good faith." Id. "To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." Id.

**B.  Analysis**

As an initial matter, the court addresses plaintiff's purported second amended complaint, ("SAC," Dkt. 29), which, if valid, would moot defendants' motion to dismiss. Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading once as a matter of course within 21 days after serving it or 21 days after service of a motion under Rule 12(b), whichever is earlier.  Defendants' responsive pleading was filed on the docket on December 11, 2020.  Dkt. 23.  Plaintiff's second amended complaint, filed January 5, 2021, is more than 21 days after defendants' pleading.  While the court did not construe defendants' filing as a Rule 12(b)(2) motion until December 22, 2020, defendants' filing put plaintiff on notice that they moved for relief.  See Dkt. 23, ¶ 12 ("[W]e motion [sic] that the third and only claim be dismissed with prejudice.").

As a general rule, courts have a liberal policy favoring amendments to pleadings, which is "applied even more liberally to pro se litigants." Eldridge v. Block, 832 F.2d 1132, 1135 (9th Cir. 1987).  Nonetheless, permitting amendment is not warranted in this situation for four reasons.  First, as mentioned, plaintiff's amended complaint is untimely, and plaintiff failed to secure leave of court to file an amended complaint.  Second, he has already been permitted a previous opportunity to amend his complaint in response to this court's March 19, 2020 order.  Dkt. 5 at 10–11.  Third, his second amended complaint attempts to plead dozens of new claims in direct contravention of this court's August 7, 2020 order that "[n]o new parties or causes of action may be pleaded without leave of court or the agreement of defendants, once served."  Dkt. 13 at 13.  Plaintiff has not secured leave of court or the agreement of all defendants.  Fourth, the court does not have subject matter jurisdiction over plaintiff's remaining claim, for the reasons discussed below.

In its prior order, the court noted that it was not evident from the FAC that the

amount-in-controversy exceeded $75,000 despite the conclusory allegation that it did. Dkt. 26 at 2. The court directed plaintiff to demonstrate that the amount-in-controversy exceeds the $75,000 threshold as required by title 28 U.S.C. § 1332(a). Id. at 3.

Plaintiff's third claim for intentional interference with contractual relations alleges that defendants knew about his power of attorney contract with his sister and disrupted performance of the contract. See FAC ¶¶ 88–100. The question here is whether plaintiff has made a good faith allegation regarding his damages for the purported interference with the contract. Plaintiff has attached a copy of the power of attorney to one of his recent filings, Dkt. 28 at 16, and also quotes portions of the agreement in his second amended complaint. It provides for "reasonable compensation for services provided on my behalf pursuant to this power of attorney. My agent will be reimbursed for all reasonable expenses incurred relating to his or her responsibilities under this power of attorney." SAC ¶ 13.15; Dkt. 28 at 16. Plaintiff's stepmother resigned as agent on October 26, 2019 thereby designating plaintiff as successor, SAC ¶ 38, until he resigned on December 17, 2019, id. ¶ 52. Plaintiff alleges that, during that period as his sister's agent, he performed over 400 hours of services. Id. ¶ 13.22.

In his amended complaint,[1] plaintiff alleges that his sister has not paid him reasonable compensation for his more than 400 hours of service under the power of attorney and, because he alleges his billing rate is $150 per hour, he calculates that he earned at least $60,000 in compensation. SAC ¶ 72. He also states that if defendants had not interfered with the power of attorney then he would have continued to perform such services indefinitely. Id. ¶ 73. In this scenario, plaintiff estimates he would have worked 200 hours in 2020, multiplied by his rate of $150 per hour, which yields at least $30,000 in compensation. Id. He also alleges that he incurred $10,376.82 in expenses. Id. ¶ 63. Based on plaintiff's other filings, that amount is money that plaintiff's stepmother

---

[1] While the second amended complaint did not supersede the operative first amended complaint, the court considers its contents as responsive to the December 22, 2020 order directing plaintiff to demonstrate subject matter jurisdiction.

4

paid on behalf of plaintiff's sister and plaintiff states that he committed to reimburse his stepmother on his sister's behalf.  Dkt. 28, ¶¶ 14–15.  In his January 20, 2021 filing, plaintiff claims that his sister owes him waiting time penalties under the California Labor Code.  Dkt. 35 at 4.

Generally, a plaintiff's amount-in-controversy allegations control as long as they are made in good faith.  There are several reasons why plaintiff's claims are not made in good faith.  Significantly, in a different civil action in this district, Judge Chesney has compiled a summary of plaintiff Wilson's civil filings in this district and determined him to be a vexatious litigant.  See Wilson v. Leigh Law Group, P.C., et al., No. 20-cv-3045-MMC, Dkt. 51 (N.D. Cal. Dec. 28, 2020).  While Judge Chesney's vexatious litigant order is limited to the parties in her cases, the order determined plaintiff's repeat filings to be both frivolous and constituting a pattern of harassment.  See id. at 11–12.  Those findings echo similar patterns in plaintiff's cases before this court in which he has abused the in forma pauperis process and failed to follow court orders.  See Wilson v. City of Walnut Creek, et al., No. 20-cv-2721-PJH; Wilson v. Judicial Council of Cal., Superior Court of Cal. for the Cnty. of Marin, et al., No. 20-cv-6764-PJH.  The same is true in this case.  See, e.g., Dkt. 12; Dkt. 27 at 1–2.

Given that history and the prior complaints in this case, it is clear that plaintiff's allegations are solely intended to allege an amount over $75,000 so that his claims remain in federal court.[2]  It is notable that plaintiff's own sister filed a statement in which she avers that plaintiff's 400 hours "is an exaggeration."  Dkt. 23 at 4.  In the reply filed by defendants, she also stated that "[t]he first I heard about [plaintiff's] demand for compensation was when the defendants received his federal lawsuit."  Dkt. 33 at 15.  Plaintiff has not provided any accounting for his purported 400 hours of work other than his self-serving claims that he performed that work.  The fact that plaintiff now alleges he

---

[2] Even if the court were to determine it had subject matter jurisdiction, it is clear that this case constitutes a "frivolous or malicious" action, as defined in 28 U.S.C. § 1915(e)(2)(B)(i), requiring dismissal.

is his sister's employee under the California Labor Code such that she owed him waiting time penalties, Dkt. 35 at 4, only reinforces the conclusion that plaintiff is not alleging his damages in good faith.

In sum, plaintiff's amount-in-controversy allegations are not in good faith and do not meet the requirements for subject matter jurisdiction under 28 U.S.C. § 1332.

Additionally, because all defendants are residents of the state of South Carolina and have not consented to jurisdiction in California, the court does not have personal jurisdiction over them.  "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons."  Walden v. Fiore, 571 U.S. 277, 283 (2014) (quoting Daimler AG v. Bauman, 571 U.S. 117, 125 (2014)).  California's long-arm statute permits jurisdiction "to the full extent permissible under the U.S. Constitution."  Daimler, 571 U.S. at 125 (citing Cal. Civ. Prov. Code § 410.10).

General jurisdiction over individuals is permitted where they are domiciled. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011).  In this case, defendants are residents of South Carolina and general jurisdiction is not applicable.  Alternatively, there is no specific jurisdiction, which "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  Walden, 571 U.S. at 284 (citation omitted).  Applying here, defendants have no contacts with California; rather, they are alleged to have directed some conduct towards plaintiff and it is plaintiff who resides in California.  Courts "have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff . . . and the forum State," id., and that is exactly what plaintiff attempts to do here—use his California residency to establish contacts with the state.

Accordingly, the court finds it does not have either general or specific jurisdiction and plaintiff's claim must be dismissed.

## CONCLUSION

For the reasons stated, the court finds it does not have subject matter jurisdiction

over plaintiff's claim or personal jurisdiction over defendants.  The court DISMISSES plaintiff's remaining claim without prejudice so that he may pursue it in state court and DENIES leave to amend.  See Kelly v. Fleetwood Enters., Inc., 377 F.3d 1034, 1036 (9th Cir. 2004) (directing district court that lacked subject matter jurisdiction to dismiss claims without prejudice).

**IT IS SO ORDERED.**

Dated: January 25, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge